UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANSELMO ZEPEDA,                )
                                                    )
            Petitioner,                        )
                                                    )
    v.                                              )   Case No. 10-1166
                                                    )
UNITED STATES OF AMERICA,  )
                                                    )
            Respondent.                     )

## O R D E R

This matter is now before the Court on Petitioner, Anselmo Zepeda's ("Zepeda"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the § 2255 Motion is DISMISSED.

### BACKGROUND AND PROCEDURAL HISTORY

On May 14, 2008, Zepeda was sentenced to 210 months' imprisonment to run concurrently with sentences on other charges in the Northern District of Illinois and the Northern District of Indiana after having pled guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846. He did not appeal his conviction to the Seventh Circuit Court of Appeals. Accordingly, Zepeda's conviction became final no later than May 28, 2008.

On May 26, 2010, Zepeda filed the instant action seeking collateral review of his conviction and sentence. This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a collateral attack on a federal sentence. The present case is covered by 28 U.S.C. § 2255, which states in relevant part:

> A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the present case, Zepeda alleges that he is entitled to relief because he received ineffective assistance of counsel. He makes no assertion that he was unable to discover his claims, that there is any newly recognized federal right made retroactively applicable to cases on collateral review, or that he was prevented from filing. Thus, this case does not involve the application of sub-sections (2), (3), or (4) above.

In the present case, Zepeda's direct attack on his conviction became final no later than May 28, 2008. However, he did not submit his § 2255 until May 26, 2010, nearly a

- 3 -

year after his period of limitations expired.  In other words, the almost two years that elapsed between the date his Judgment became final and the submission of his motion exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a motion under§ 2255.  Therefore, his Motion must be dismissed as untimely.

## CONCLUSION

For the reasons set forth herein, Zepeda's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED for lack of jurisdiction as time-barred, and his Motion to Amend [#2] is MOOT.   This matter is now TERMINATED.

ENTERED this 14th day of June, 2010.

                                                  s/ Michael M. Mihm
                                                  Michael M. Mihm
                                                  United States District Judge